UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WILLIAM H. CLAPP,<br><br>    Plaintiff,<br><br>    v.<br><br>FLORENCE KORKAMES, et al.,<br><br>    Defendants. | Case No. 19-cv-01770-LB<br><br>**ORDER SCREENING [FIFTH][1] AMENDED COMPLAINT AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>Re: ECF No. 47 |

## INTRODUCTION

Pro se plaintiff William H. Clapp alleges that on November 29, 2016, at approximately 11:20 p.m., he was leaving a restaurant in San Francisco's Mission District, when he was confronted by a group of five to seven individuals who began advancing on him, yelling "You are not allowed to

---

[1] While Mr. Clapp has not been numbering his successive complaints, by the court's court, he has filed six complaints altogether: ECF No. 1 (his original complaint), ECF No. 39 (what would be his first amended complaint), ECF No. 40 (what would be his second amended complaint), ECF No. 41 (what would be his third amended complaint), ECF No. 42 (what would be his fourth amended complaint), and his operative complaint ECF No. 47 (what would be his fifth amended complaint) ("5AC"). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

leave!"² In response, Mr. Clapp yelled for someone to call the police and took out both pepper spray and a stun gun from his pockets and "sparked" the stun gun, after which the incident ended.³

Mr. Clapp brings this action against five individuals (the "Individual Defendants") — alleging claims of (1) false arrest and false imprisonment, (2) malicious prosecution, (3) assault, (4) intentional infliction of emotional distress, and (5) conspiracy. Mr. Clapp does not allege who the Individual Defendants are or what they did. Notably, he does not actually allege that the Individual Defendants were among the individuals who advanced on him in November 2016.

As the court previously explained to Mr. Clapp, his claims against the Individual Defendants do not appear to belong in federal court.⁴ There is no basis for federal subject-matter jurisdiction over Mr. Clapp's claims as he has pleaded them.⁵ Additionally, as the court previously explained to Mr. Clapp, he has not actually alleged that the Individual Defendants did anything at all.⁶ He thus has not pleaded a claim against any of the Individual Defendants.⁷

The court dismisses Mr. Clapp's claims for lack of subject-matter jurisdiction and for failure to state a claim. The dismissal is without prejudice, and the court will grant Mr. Clapp one final opportunity to plead a cognizable claim over which the court has federal subject-matter jurisdiction. If he fails to do so, the court may dismiss Mr. Clapp's claims with prejudice and without further notice and close this case.⁸

---

² 5AC – ECF No. 47 at 3–4 (¶¶ 4.1–4.3).

³ *Id.* at 5 (¶ 4.5).

⁴ Order – ECF No. 43 at 8.

⁵ *Id.*

⁶ *Id.* at 9.

⁷ *Id.* at 10.

⁸ Mr. Clapp also brought claims against the City and County of San Francisco ("CCSF") relating to the San Francisco Police Department's interactions with him after officers arrived on the scene. *Clapp v. City and Cty. of San Francisco*, No. 3:19-cv-01770-LB (N.D. Cal.). The court severed Mr. Clapp's claims against CCSF from his claims against the Individual Defendants. Order – ECF No. 43 at 5–7. Mr. Clapp agrees that his claims against CCSF and his claims against the Individual Defendants should proceed separately. 3/29/2019 Letter – ECF No. 45. Mr. Clapp's claims against CCSF are not at issue here.

# ANALYSIS

## 1. Subject-Matter Jurisdiction

### 1.1 Governing Law

Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co. / Citibank (S.D.)*, *N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### 1.2 Application

As the party that filed this action in federal court, Mr. Clapp bears the burden of establishing federal-court subject-matter jurisdiction over his claims against the Individual Defendants. He has not done so.

First, Mr. Clapp's claims against the Individual Defendants do not present a question of federal law. The claims Mr. Clapp purportedly brings against the Individual Defendants — false arrest and false imprisonment, malicious prosecution, assault, intentional infliction of emotional distress, and conspiracy — are all state-law claims and do not give rise to federal-question jurisdiction.[9]

Second, Mr. Clapp's complaint does not appear to present any other basis for federal jurisdiction, such as diversity jurisdiction. For there to be diversity jurisdiction, Mr. Clapp would have to be a citizen of a different state than all of the defendants and the amount in controversy would have to exceed $75,000. Mr. Clapp is a citizen of California,[10] and he does not allege that any of the Individual Defendants are not citizens of California, much less that all of them are not.

---

[9] Contrary to Mr. Clapp's claims, these state-law torts are not constitutional claims. *Contra* 5AC – ECF No. 47 at 3 (¶ 3.2).

[10] *Id.* at 2 (¶ 2.1).

1  Additionally, he does not allege that his claims against the Individual Defendants exceed $75,000.

2  Mr. Clapp therefore has not met his burden to establish diversity jurisdiction.

3  As there is no basis for a federal court to exercise jurisdiction over Mr. Clapp's claims against the Individual Defendants, these claims must be dismissed. *Cf. Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 WL 2081236, at *12 (N.D. Cal. May 15, 2017).

### 2. Failure to State a Claim

#### 2.1 Governing Law

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**2.2 Application**

"[A] plaintiff's allegations must 'provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them,' including 'what conduct is at issue.'" *Adobe Sys., Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014)). "As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Id.* (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)).

As the court previously explained in connection with Mr. Clapp's [Fourth] Amended Complaint, Mr. Clapp does not actually plead that the five individuals that he names as Individual Defendants actually did anything.[11] Mr. Clapp has not corrected this deficiency in his operative [Fifth] Amended Complaint, which still does not plead that any of these specific five individuals

---

[11] Order – ECF No. 43 at 9.

ORDER – No. 19-cv-01770-LB 5

actually did anything. Mr. Clapp makes allegations about "a group of some 5–7 people," but he does not actually allege that the Individual Defendants were members of that group, much less what — if anything — each Individual Defendant did. This does not provide fair notice to the Individual Defendants and does not plead a claim against them. Mr. Clapp's complaint thus is subject to dismissal. *Cf., e.g.*, *Karkanen v. California*, No. 17-cv-06967-YGR, 2018 WL 3820916 (N.D. Cal. Aug. 10, 2018) (dismissing complaint where "plaintiff repeatedly lumps 'defendants' together in her allegations," because "a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)") (citing cases) (internal brackets and some internal quotation marks omitted).

## CONCLUSION

The court dismisses Mr. Clapp's claims against the Individual Defendants for lack of subject-matter jurisdiction and for failure to state a claim.

The court has repeatedly explained to Mr. Clapp the deficiencies in his claims as he as pleaded them and has extended him repeated opportunities to amend his complaint.[12] The court will extend Mr. Clapp one final chance. Mr. Clapp may file an amended complaint against the Individual Defendants if he can cure the deficiencies in his [Fifth] Amended complaint, i.e., if he can plead a cognizable claim against the Individual Defendants over which the court has federal subject-matter jurisdiction. The court extends Mr. Clapp 14 days from the date of this order (i.e., until May 8, 2019) to do so. If Mr. Clapp does not timely file an amended complaint that pleads a cognizable claim over which the court has subject-matter jurisdiction, the court may dismiss Mr. Clapp's claims with prejudice and without further notice and close this case.

**IT IS SO ORDERED.**

Dated: April 24, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[12] *See, e.g.*, 3/7/2019 Hr'g; Notice and Order – ECF No. 38 at 1–2; Order – ECF No. 43 at 8–10.