UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY CLAPP,<br><br>Plaintiff,<br><br>v.<br><br>FLORENCE KORKAMES, et al.,<br><br>Defendants. | Case No. 19-cv-01770-SI<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 50 |

Now pending before this Court is a Report and Recommendation from Magistrate Judge Beeler, who recommends the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) based on lack of subject matter jurisdiction and plaintiff's failure to state a claim. No party has filed an objection to the Report and Recommendation, though plaintiff has filed a letter with this Court noting that the present case "is closely related on a facts/issue basis to case #18-cv-07269 LB," which is currently pending before Judge Beeler. *See* Dkt. No. 52.

Plaintiff filed case #18-cv-07269 LB on November 29, 2018. Dkt. No. 1. In that case, plaintiff sued the City and County of San Francisco and five individual defendants, some of whom are the same individual defendants who are now part of this lawsuit. Plaintiff and the City and County of San Francisco both consented to have the case heard by a Magistrate Judge. Dkt. Nos. 11, 16. Judge Beeler then dismissed plaintiff's complaint with leave to amend, and plaintiff filed several amended complaints. Dkt. Nos. 38, 39, 40, 41, 42.

On March 29, 2019, Judge Beeler issued an order sua sponte (on the Court's own motion) severing plaintiff's claims against the individual defendants. Dkt. No. 43. Based on the complaint then that was then before the Court, Judge Beeler severed the claims, finding: that the claims against the individual defendants were factually distinct from the claims against the City and County of San Francisco; that the legal theories against the individual defendants (who were private actors) were distinct from the legal theories against the City and County of San Francisco (a state actor); and that "severance would further the prompt and efficient disposition of litigation." *Id.* at 6-7. The severed

claims against the individual defendants became the instant case, 19-cv-0170.  Judge Beeler then dismissed this case for lack of subject matter jurisdiction and failure to state a claim.  *Id.* at 10.  Judge Beeler allowed plaintiff the opportunity to file an amended complaint against the individual defendants in the newly severed case.

On April 18, 2019, plaintiff filed an amended complaint in this case.  Dkt. No. 47.  Judge Beeler dismissed the complaint, again finding a lack of subject matter jurisdiction and failure to state a claim.  Dkt. No. 48.  Judge Beeler allowed plaintiff one final chance to amend his complaint.  Plaintiff then filed another amended complaint, which is now the operative complaint in this case.[1]  *See* Dkt. No. 49.  Judge Beeler has recommended this Court now dismiss the severed case against the individual defendants.  Dkt. No. 50.  Thus, the only question before this Court is the sufficiency of plaintiff's amended complaint (Dkt. No. 49) in his case against the individual defendants.

This Court hereby ADOPTS IN PART the Report and Recommendation (Dkt. No. 50) and DISMISSES this case for lack of subject matter jurisdiction.  *See* Fed. R. Civ. Proc. 12(b)(1).  Liberally construing plaintiff's pro se complaint, the Court does not dismiss the case for failure to state a claim, because plaintiff's most recent complaint contains several allegations related to the "named parties," whom the Court understands to be the five individual defendants plaintiff has sued.  *See* Dkt. No. 49 at 5.  However, the Court will dismiss this case based on lack of subject matter jurisdiction.  All of the claims plaintiff brings against the defendants are state law claims, so there is no federal question jurisdiction, and the complaint contains no allegations to support jurisdiction based on the diversity of the parties.  *See* Dkt. No. 48 at 3-4.  As Judge Beeler has given plaintiff multiple opportunities to amend his complaint to fix the jurisdictional issue, and the present complaint still fails to do so, the Court will not grant plaintiff further leave to amend.  Therefore, this dismissal is with prejudice.

**IT IS SO ORDERED**.

Dated: May 24, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[1] By Judge Beeler's count, the present complaint is plaintiff's Sixth Amended Complaint overall.  *See* Dkt. Nos. 49, 50 at 1 n.1.